UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTAUNE BROWN,

                                    Plaintiff,

               -v-                                                      24 Civ. 8114 (PAE) (HJR)

LAY WIN HERBAL, INC. *et al.*,                                          OPINION & ORDER

                                    Defendants.

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Altaune Brown brings this action against defendants Lay Win Herbal, Inc. ("Lay

Win") and Sun Wai Realty, Inc., alleging that their Chinese medicine clinic, which offers herbal

remedies and acupuncture services, is inaccessible to Brown—a paraplegic who uses a

wheelchair. Dkt. 16 (the "First Amended Complaint" or "FAC") ¶¶ 6, 15–18. Brown claims

violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a) *et

seq.*, plus New York State and City laws, and seeks declaratory and injunctive relief, damages,

and attorneys' fees, costs, and expenses. *Id.* ¶¶ 23–70.

       On April 17, 2025, Lay Win moved to dismiss the First Amended Complaint under

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), supported by a declaration from counsel.

Dkts. 26–28. On May 23, 2025, Brown filed his opposition, supported by declarations from

himself and his counsel. Dkts. 32–34. On June 23, 2025, Lay Win replied, supported by

additional declarations. Dkts. 38–40.

       Before the Court is the November 24, 2025 Report and Recommendation of the

Honorable Henry J. Ricardo, United States Magistrate Judge. Dkt. 46 ("Report"). It

recommends denial of the motion to dismiss because the First Amended Complaint adequately

alleges that Brown has standing to bring a claim under the ADA.[1]  No party has objected or otherwise responded to the Report.

For the following reasons, the Court adopts the Report in full.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Ricardo's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.  Because the Report explicitly states that failure to object within 14 days "will result in a waiver of objections and will preclude appellate review," Report at 19–20, defendants' failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

---

[1] Because the motion to dismiss solely argues that Brown lacks standing to sue, "the proper vehicle for the motion is Rule 12(b)(1), not Rule 12(b)(6)." *See* Report at 4 (citing *All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Ricardo's Report in its entirety. The Court denies the motion to dismiss and respectfully directs the Clerk of Court to terminate the motion at docket 26.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 15, 2025
New York, New York